This document was signed electronically on December 10, 2014, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 10, 2014



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

IN RE: )
) Case No. 12-50211
STANLEY DUMANSKY )
MARCHANA KAY DUMANSKY ) Chapter 13
)
Debtors ) JUDGE ALAN M. KOSCHIK
)
) AGREED ORDER BETWEEN DEBTORS
) AND PNC BANK, NATIONAL
) ASSOCIATION MODIFYING THE
) AUTOMATIC STAY ONLY FOR THE
) LIMITED PURPOSE OF COMPLETING
) A LOAN MODIFICATION

1. The above Chapter 13 case was filed by STANLEY DUMANSKY and MARCHANA KAY DUMANSKY (the Debtors) on January 25, 2012.

2. The Debtors principal residence is located at:

   | 583 Sumatra Avenue |
   | Akron, Ohio 44305 |

3. Prior to filing a petition for relief under Chapter 13, the Debtors obtained a loan from PNC BANK, NATIONAL ASSOCIATION (the Mortgage Lender) which was evidenced by a Note in the amount of $96,000.00, The obligation under the Note was secured only by a senior lien on the Debtor's Home (the Mortgage).

4. The Debtors and a duly authorized agent of the Mortgage Lender have been negotiating the terms of a modification of the Note (the Loan Modification).

5. Although the Debtors could not, absent consent from the Mortgage Lender, modify the terms of the Note through confirmation of a Chapter 13 plan, the Debtors and the Mortgage Lender have voluntarily agreed to modify the Note secured by the Debtors Home.

6. The Chapter 13 Trustee in Akron (the Trustee) takes no position either in favor or opposition to the Loan Modification. The Trustee's signature on this order only indicates that the Trustee does not oppose the modification of the automatic stay only for the limited purpose of allowing the Debtors the Mortgage Lender to complete their voluntary Loan Modification.

7. The terms of the Loan Modification offered by the Mortgage Lender and accepted by the Debtors are summarized as follows:

|  | Current Mortgage | Modified Mortgage |
|---|---|---|
| Principal | $96,000.00 | $63,320.70 |
| Interest rate | 6.0550 | 4.6250 |
| Fixed | xx | XX |
| Adjustable |  |  |
| Term in months | 180 | 480 |
| Last payment due | 05/01/2019 | 12/01/2054 |
|  |  |  |
| Monthly Payment |  |  |
| Principal | $812.96 | $289.77 |
| Insurance | $49.58 | $88.13 |
| Property Taxes | $94.86 | $121.90 |
| Total monthly payment | $957.40 | $499.80 |

**NOTE: A copy of the Mortgage Lender's offer of this Loan Modification must be attached to this order and the Mortgage Lender's correspondence shall be construed as the Mortgage Lender's consent to this "agree order" unless an objection is filed within 14 days of the entry of this agreed order on the Court's docket.**

8. The total fee, if any, charged to the Debtors by the Mortgage Lender for the Loan Modification is $0.00.

9. The Debtors must make the first payment on the Loan Modification by not later than January 1, 2015. **Note: If property taxes and homeowners insurance are not included in the modified mortgage payment, these costs**

must be paid by the Debtors in addition to the modified mortgage payment.

10. The Debtors shall submit payments under the Loan Modification to the Mortgage Lender at the following address:

    | PNC Mortgage, B6-Ymo9-02-2 |
    |---|
    | 3232 Newmark Drive |
    | Miamisburg, OH 45342-5421 |

11. As of the date of this order, the Debtors are deemed current in monthly mortgage payments as a result of this Loan Modification.

12. The Trustee will cease paying the arrearge claim and will cease making conduit payments.

13. Within 30 days from the date of this order, the Debtors must file an amended Schedule I (income) and an amended Schedule J (expenses) which reflects the monthly payment due under the Loan Modification.

14. Debtors counsel is awarded a "no look fee" in the amount of $500.00 with regard to this order, working with the Debtors on the Loan Modification, assessing the status of other liens on the Debtors Home, and filing amended Schedules, I and J.

15. By signing this order, the Debtors consent to the $500.00 "no look fee." Said fee should be paid by the Trustee from the funds of this bankruptcy estate.

WHEREFOR, the Court hereby modifies the automatic stay pursuant to 11 U.S.C. § 362 only for the limited purpose of allowing the Debtors and the Mortgage Lender to voluntarily finalize the Loan Modification pursuant to applicable state law. The Mortgage Lender is also authorized to send the Debtors new payment booklets and material with respect to the Loan Modification.

###

**Submitted and Approved by:**

*Signatures on following page*

/s/ James E. Brightbill
James E. Brightbill (#0037724)
Attorney for Debtors
2108 Braewick Circle, Ste 201
Akron, OH 44308
330.374.0300
330.374.0433
jebrightbill@brightbill.org

/s/ Stanley Dumansky
Stanley Dumansky, Debtor

/s/ Marchana Kay Dumansky
Marchana Kay Dumansky, Debtor

Trustee Does Not Oppose the Limited Modification of the Stay

Keith L. Rucinski, Chapter 13 Trustee
Ohio Reg. No. 0063137
Joseph A. Ferrise, Staff Attorney
Ohio Reg. No. 0084477
One Cascade Plaza, Suite 2020
Akron, OH 44308
330.762.6336
330.762.7072 Fax
krucinski@ch13akron.com
jferrise@ch13akron.com

cc:  Stanley Dumansky
     Marchana Kay Dumansky
     583 Sumatra Avenue
     Akron, OH 44305
     (via Regular Mail)

     PNC Bank
     PO BOX 94982
     Cleveland OH 44101

     PNC Mortgage, B6-YM09-02-2
     3232 Newmark Drive
     Miamisburg, OH 45342-5421
     James E. Brightbill
     Attorney for Debtors
     (via ECF)

     Keith L. Rucinski, Chapter 13 Trustee
     (via ECF)

# Exhibit #1

480 Term

| | |
|---|---|
| Loan number | 3119938 |
| Interest rate of existing Mortgage | 6.0550% |
| New modified interest rate | 4.6250% |
| New modified loan term (months) | 480 |
| Servicer fee (bps) | 0.250 |
| | |
| Effective date of Modification | 12/01/2014 |
| Due date of first modified payment | 01/01/2015 |
| | |
| Maturity date of existing Mortgage | 05/01/2019 |
| New maturity date of modified mortgage | 12/01/2054 |
| Existing unpaid principal balance | $52,516.97 |
| | |
| Additions to principal balance: | |
| Accrued interest to effective date (Estimate) | $6,889.74 |
| Escrow advance/due | $3,586.46 |
| Amount to fully refund escrow (Estimate) *CANNOT CAPITALIZE* | $1,643.00 |
| Legal fees and costs | $3,327.00 |
| Other fees and costs | $424.50 |
| Modification Processing fee if capitalized: | $0.00 |
| | |
| Subtractions from principal balance: | |
| Less borrower's cash contribution | $0.00 |
| Less Fees and Cost Credit | $0.00 |
| Less Trial Plan Payments in Suspense | $3,423.97 |
| | |
| Total capitalization amount | $10,803.73 |
| Total amount of "deferred principal balance" | $0.00 |
| New Modified unpaid principal balance amortized (Estimate) | $63,320.70 |
| | |
| New modified payment of principal and interest (Estimate) | $289.77 |
| New modified monthly escrow payment for taxes and insurance (Estimate) | $210.03 |
| TOTAL new modified monthly payment (Estimate) (includes escrow replenish spread) | $499.80 |
| | |
| Amounts due from borrower for modification (by certified or cashier's check) | |
|   Borrower cash contribution to reduce principal balance * | $3,423.97 |
|   Closing costs for modification (title, documents, closing) (Estimate) ** | $0.00 |
|   Processing fee for review of modification request | $0.00 |
|   Borrower's first modified monthly payment (Estimate) | $499.80 |
|     Less funds received by PNC and placed into suspense | $3,423.97 |
| TOTAL CASH DUE FROM BORROWER | $499.80 |

**YOUR SECOND MODIFIED PAYMENT WILL BE DUE ON:** February 1, 2015
If you have not received new payment coupons send your payments to my attention.
NOTE TO PROCESSOR: CHECK THE MORTGAGORS COUPON PAGE FOR CORRECT DATES

* Borrower's cash contribution will be applied to reduce the total amount due on the mortgage, and this amount must be paid in full regardless of whether actual amounts are higher or lower than estimated amounts. ** The amount shown for closing costs is the minimum amount due. If the final closing costs are less than the estimate, then the excess amount will be applied to reduce the total amount due on the mortgage. If the final closing costs are more than the estimate, the borrower is responsible for these amounts and they must be collected when the modification documents are signed and final cash amounts are due.

This Document Prepared By:
SUSAN ANNETTE CLENDENING
PNC MORTGAGE, A DIVISION OF
PNC BANK, NA AS A SUCCESSOR BY
MERGER TO FKA NATIONAL CITY
MORTGAGE COMPANY.
3232 NEWMARK DR
MIAMISBURG, OH 45342
(888) 224-4702

When Recorded Mail To:
FIRST AMERICAN TITLE
ATTN: LMTS
P.O. BOX 27670
SANTA ANA, CA 92799-7670

Tax/Parcel No. 6747124

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $96,000.00     Freddie Mac Loan No.:723600266
Unpaid Principal Amount: $52,516.97     Loan No: 0003119938
New Principal Amount $63,320.70
New Money (Cap): $10,803.73

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
(To a Fixed Interest Rate)

IF THE LOAN MODIFICATION AGREEMENT MUST BE RECORDED, TWO ORIGINAL LOAN MODIFICATION AGREEMENTS MUST BE EXECUTED BY THE BORROWER: ONE ORIGINAL IS TO BE FILED WITH THE NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY INSTRUMENT IS RECORDED

     This Loan Modification Agreement (the "Agreement"), made and effective this 1ST day of DECEMBER, 2014, between PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY. ("Lender"), whose address is 3232 NEWMARK DR, MIAMISBURG, OH 45342, and MARCHANA K DUMANSKY AND STANLEY DUMANSKY, WIFE AND HUSBAND ("Borrower"), whose address is 583 SUMATRA AVENUE, AKRON, OHIO 44305, modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest                  0003119938
rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services               Page 1

Note (the "Note") to Lender dated **APRIL 2, 2004**, in the original principal sum of U.S. **$96,000.00** and secured by (2) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") and Rider(s), if any, the Note bearing the same date as and recorded on **APRIL 7, 2004** in **INSTRUMENT NO. 55032047**, of the **OFFICIAL** Records of **SUMMIT COUNTY, OHIO**. The Security Instrument covers the real and personal property described in the Security Instrument and defined as the "Property", located at:

**583 SUMATRA AVENUE, AKRON, OHIO 44305**
[Property Address]

the real property described being set forth as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. Current Balance. As of **DECEMBER 1, 2014**, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. **$63,320.70**.

2. Interest Rate. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.6250%**, beginning **DECEMBER 1, 2014**, both before and after any default described in the Note. The yearly rate of **4.6250%** will remain in effect until principal and interest is paid in full.

3. Monthly Payments and Maturity Date. Borrower promises to make monthly payments of principal and interest of U.S. **$289.77**, beginning on the **1ST** day of **JANUARY, 2015**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **DECEMBER 1, 2054**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. Place of Payment. Borrower must make the monthly payments at
   **3232 NEWMARK DR, MIAMISBURG, OH 45342**
   or such other place as Lender may require.

5. Partial Payments. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

6. Property Transfer. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 of the Security Instrument, within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services                        Page 2

0003119938

12-50211-amk    Doc 54    FILED 12/10/14    ENTERED 12/11/14 11:08:07    Page 7 of 14

invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

7. <u>Compliance with Covenants</u>. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

8. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except where otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services            Page 3

0003119938

12-50211-amk    Doc 54    FILED 12/10/14    ENTERED 12/11/14 11:08:07    Page 8 of 14

In Witness Whereof, the Lender have executed this Agreement.

**PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY.**

| By AMBER JOHNSTON | (print name) | Date |
| Mortgage Officer | (title) | |

[Space Below This Line for Acknowledgments]

LENDER ACKNOWLEDGMENT

State of _____

County of _____

The foregoing instrument was acknowledged before me this _____ (date) by AMBER JOHNSTON, the MORTGAGE OFFICER of PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY. , a_____, national association, on behalf of the national association

_____
Notary Public

Printed Name: _____

My commission expires: _____

PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
3232 NEWMARK DR
MIAMISBURG, OH 45342

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services        Page 4

0003119938

12-50211-amk    Doc 54    FILED 12/10/14    ENTERED 12/11/14 11:08:07    Page 9 of 14

In Witness Whereof, I have executed this Agreement.

_(signature)_ _____ (Seal)  
Borrower  
**MARCHANA K DUMANSKY**  
11/10/14  
Date

_(signature)_ _____ (Seal)  
Borrower  
**STANLEY DUMANSKY**  
11/10/17  
Date

_____ (Seal)  
Borrower

_____ (Seal)  
Borrower

_____  
Date

_____  
Date

_____ (Seal)  
Borrower

_____ (Seal)  
Borrower

_____  
Date

_____  
Date

_____ [Space Below This Line for Acknowledgments] _____

## BORROWER ACKNOWLEDGMENT

State of **OHIO**

County of _____

The foregoing instrument was acknowledged before me this _____ (date) by **MARCHANA K DUMANSKY, STANLEY DUMANSKY** (name of person acknowledged)

_(signature)_  
Notary Public

Printed Name _____

My Commission expires _____

[Notary seal: James T. Dachisen, Attorney at Law, Resident Summit County, Notary Public State of Ohio, My Commission has no Expiration Date, Sec 147.03 RC]

Prepared by:  
SUSAN ANNETTE CLENDENING  
PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION  
3232 NEWMARK DR  
MIAMISBURG, OH 45342  
(888) 224-4702

RECORD AND RETURN TO:  
FIRST AMERICAN TITLE  
ATTN: LMTS  
P.O. BOX 27670  
SANTA ANA, CA 92799-7670

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161  
12122013_57  
First American Mortgage Services    Page 5

0003119938

12-50211-amk    Doc 54    FILED 12/10/14    ENTERED 12/11/14 11:08:07    Page 10 of 14

EXHIBIT A

BORROWER(S): MARCHANA K DUMANSKY AND STANLEY DUMANSKY, WIFE AND HUSBAND

LOAN NUMBER: 0003119938

LEGAL DESCRIPTION:

THE PROPERTY DESCRIBED IS LOCATED IN THE CITY OF AKRON, IN THE COUNTY OF SUMMIT, IN THE STATE OF OHIO. BEING ALL OF LOT #1274 IN THE FIRST ADDITION TO GOODYEAR HEIGHTS ALLOTMENT AS RECORDED IN PLAT BOOK 20, PAGES 1 TO 16 OF SUMMIT COUNTY RECORDS OF PLATS. PARCEL ID NUMBER: 6747124

ALSO KNOWN AS: 583 SUMATRA AVENUE, AKRON, OHIO 44305

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services     Page 6     0003119938

# Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY. (the "Lender") and MARCHANA K DUMANSKY AND STANLEY DUMANSKY, WIFE AND HUSBAND (the "Borrower") dated DECEMBER 1, 2014 the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

(BORROWER MUST INITIAL HERE)

Signed this 10th day of November, 2014.

Lender

By:
Name:

Borrower

MARCHANA K DUMANSKY

STANLEY DUMANSKY

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) - Single Family - Freddie Mac UNIFORM INSTRUMENT Form 5161
12122013_57
First American Mortgage Services    Page 7

0003119938

Date: DECEMBER 1, 2014
Loan Number: 0003119938
Lender: PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY.

Borrower: MARCHANA K DUMANSKY, STANLEY DUMANSKY

Property Address: 583 SUMATRA AVENUE, AKRON, OHIO 44305

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

Receipt of Notice. The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____   11/10/14
Borrower                          Date
MARCHANA K DUMANSKY

_____   11/10/14
Borrower                          Date
STANLEY DUMANSKY

_____   _____
Borrower                          Date

_____   _____
Borrower                          Date

_____   _____
Borrower                          Date

_____   _____
Borrower                          Date

12-50211-amk   Doc 54   FILED 12/10/14   ENTERED 12/11/14 11:08:07   Page 13 of 14

Date: DECEMBER 1, 2014

Loan Number: 0003119938

Lender: PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY.

Borrower: MARCHANA K DUMANSKY, STANLEY DUMANSKY

Property Address: 583 SUMATRA AVENUE, AKRON, OHIO 44305

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS A SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE COMPANY.

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period .

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   11/10/14
MARCHANA K DUMANSKY                                                          Date

_____   11/10/15
STANLEY DUMANSKY                                                                    Date

_____
                                                                                                        Date

_____
                                                                                                        Date

_____
                                                                                                        Date

_____
                                                                                                        Date

12-50211-amk   Doc 54   FILED 12/10/14   ENTERED 12/11/14 11:08:07   Page 14 of 14